**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Petitioner,

  vs.

S.V.S.P. Superintendent MS. EVANS,

    Respondent.

No. C 07-1291 PJH (PR)

**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL**

    Petitioner, a California prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Venue is proper in this district because the petition is directed to a rules violation conviction, for which petitioner lost good time. It thus goes to the execution of petitioner's sentence, the sort of habeas case which is best heard in the district of confinement. *See* 28 U.S.C. § 2241(d); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (district of confinement best forum to review execution of sentence).

**BACKGROUND**

    This petition is directed to a conviction for a rules violation that petitioner received while at the California Medical Facility in Vacaville.[1] He was given a fifteen-month term in the Security Housing Unit ("SHU") which he asserts caused him to lose "time." It also appears from his allegations that his conduct may have been referred to the district

---

[1] Although petitioner says his rights also were violated by "Salinas Valley State Prison Staff employees and prison officials, etc.," he makes no allegations as to what they allegedly did to violate his rights.

attorney for criminal prosecution.

## DISCUSSION

### A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

A habeas petition may be dismissed summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. Legal Claims

In his first issue, petitioner contends that his due process rights were violated. In his statement of facts in support of this very general contention, he asserts that several correctional officers who wrote the rules violation report made false and inconsistent statements in it. There is no constitutional right not to be given a rules violation report which contains false or inconsistent information, or not to be convicted as a consequence

2

of such a report. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (same); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (allegations of a fabricated charge fail to state a claim for violation of a constitutional right).  Petitioner's allegations as to this issue are insufficient to "point to a 'real possibility of constitutional error.'"  *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

In issues two and three petitioner asserts that he is being "falsely incarcerated" because of the above-described defects in the rules violation report and that, for the same reason, his false incarceration is cruel and unusual punishment.  False imprisonment is a state law claim which is not cognizable in a federal habeas case, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in the interpretation or application of state law), and petitioner's continued incarceration within the terms of his sentence cannot be cruel and unusual when petitioner does not contend that the sentence itself violates the Eighth Amendment.  In these issues, as in issue one, petitioner has failed to point to a real possibility of constitutional error.  The petition will be dismissed.

## CONCLUSION

Leave to proceed in forma pauperis (document number 4) is **GRANTED**. Petitioner's earlier motion (document 2) is **DENIED** as moot.  The petition is summarily **DISMISSED**.  *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 3, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\YONAI291.DSM